1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7   OREGON MUTUAL INSURANCE
    COMPANY,                                    Case No.  13-cv-02359-JST
8
                      Plaintiff,
9                                               **ORDER GRANTING MOTION FOR
          v.                                    DISCHARGE AND RECOVERY OF
10                                              ATTORNEYS' FEES**
    HOMEWARD RESIDENTIAL, INC., et al.,
11                                              Re: ECF No. 64
                      Defendants.
12
          In this interpleader action, Plaintiff in interpleader Oregon Mutual Insurance Company

13  moves the Court for discharge of liability and recovery of attorneys' fees.  The Court finds that the

14  matter is suitable for disposition without a hearing.  Civil. L.R. 7-1(b).

15        For the reasons set forth below, the motion is GRANTED.

16  **I.    BACKGROUND**

17        Oregon Mutual filed this interpleader action pursuant to 28 U.S.C. § 1335 on May 24,

18  2013, alleging that it issued a homeowner's policy to Thomas Pattillo for the period covering

19  November 11, 2010 through October 9, 2011.  The policy insured a single family residence in

20  Contra Costa County, California.  Compl., ECF No. 1 ¶ 14.  The property incurred a fire loss on

21  August 9, 2011, and Thomas Pattillo passed away as a result of that fire.  Id.  ¶ 15.

22        Oregon Mutual alleges that Thomas Patillo died without a will.  Id.  Named as interpleader

23  Defendants are: Ben and Raymond Patillo, and Roni Ariasi, as children of Thomas Pattillo;

24  Patricia Olson as mother of Thomas' child, Shannon Pattillo; Homeward Residential, Inc. as

25  mortgagee of the property; and the California Franchise Tax Board.  Id. ¶¶ 7, 12, 16.  Shannon

26  Pattillo had submitted a claim on the policy after the loss and subsequently passed away.  Id. ¶ 17.

27  Oregon Mutual believes Patricia Olson is Shannon Pattillo's lone heir.  Id.  ¶ 18.

28

United States District Court
Northern District of California

1   Oregon Mutual investigated the loss and determined the actual cash value of the loss was

2   $116,000.  Oregon Mutual acknowledges that it owes $115,500 for the loss, after subtracting the

3   policy's $500 deductible.  Id. ¶ 19.

4   On September 13, 2013, this Court granted Oregon Mutual's motion for leave to deposit

5   the proceeds pursuant to Federal Rule of Civil Procedure 67.  ECF No. 55.  Oregon Mutual

6   deposited the proceeds with the Clerk of Court on October 1.  ECF No. 63.

7   Oregon Mutual now moves for discharge from all future liability, and for recovery of

8   $7,291.77 in attorneys' fees and costs related to this interpleader action.  Mot., ECF No. 64.

9   Homeward Residential filed a statement of non-opposition to the motion.  ECF No. 72.  Oregon

10  Mutual voluntarily dismissed Roni Ariasi on August 1, 2013, ECF No. 34, and filed a stipulated

11  dismissal with prejudice of Patricia Olson on August 29, 2013, ECF No. 43.  The Court entered

12  default judgment against Defendants Ben Pattillo and the California Franchise Tax Board on

13  November 11, 2013.  ECF No. 80.  The remaining Defendant, Raymond Pattillo, has not filed an

14  opposition.

15  **II.    ANALYSIS**

16  **A.    Motion for Discharge**

17  District courts are authorized to "discharge the plaintiff from further liability" and restrain

18  claimants from "instituting or prosecuting any proceeding . . . affecting the property, instrument or

19  obligation involved in the interpleader action . . . ."  28 U.S.C. § 2361.  "Before discharging a

20  stakeholder under § 2361, the court must first determine whether the requirements of 28 U.S.C. §

21  1335 are met: there must be a fund greater than $500; adverse claimants of diverse citizenship; a

22  deposit of the fund in court; and a disinterested stakeholder."  Valley Forge Life Ins. Co. v. Hines,

23  No. 06-cv-6415-PJH, 2007 WL 2012740, at *2 (N.D. Cal. July 6, 2007) (citing Mendez v.

24  Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund, 982 F.2d 783, 787 (2d Cir.

25  1992)).  Discharge may properly be delayed or denied if the interpleader plaintiff acted in bad

26  faith.  Id.

27  This Court has already found that it has subject matter jurisdiction over this action

28  pursuant to 28 U.S.C. 1335.  Order, ECF No. 80 (adopting Report & Recommendation of

United States District Court
Northern District of California

2

Magistrate Judge, ECF No. 73, at 3–4).  Accordingly, the Court is authorized to discharge Oregon Mutual from this interpleader action and from further liability.  Additionally, Oregon Mutual is a disinterested party with no claim to the insurance proceeds.  See, e.g., Anchor Brewing Co. v. Peix, No. 06-cv-7914-MMC, 2007 WL 657699, at *1 (N.D. Cal. Feb. 28, 2007) (holding interpleader plaintiff that "does not claim an interest in the subject funds . . . is entitled to an order discharging it from any further liability to defendants on any claim pertaining to the interpleaded funds and restraining defendants from prosecuting any other action that pertains to the interpleaded funds").  Oregon Mutual filed this interpleader action for the purpose of resolving potentially conflicting claims to the decedent's homeowner insurance proceeds, which may expose Oregon Mutual to liability.  Furthermore, Oregon Mutual has deposited the proceeds with the Clerk of Court.  Accordingly, this Court concludes that discharge is proper and Oregon Mutual's motion is GRANTED.

### B.      Attorneys' Fees and Costs

The burden of establishing entitlement to attorney's fees in any action lies solely with the claimant.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Courts may award fees and costs to a plaintiff in interpleader if: (1) a disinterested stakeholder; (2) who has conceded liability; (3) has deposited the disputed funds into court; and (4) has sought a discharge from liability.  Sun Life Assur. Co. of Canada v. Chan's Estate, No. 03-cv-2205-SC, 2003 WL 22227881, at *3 (N.D. Cal. Sept. 22, 2003) (citing Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989).  The availability of attorney's fees for interpleader plaintiffs recognizes "that the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation . . . ."  Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 193 (9th Cir. 1962).  As discussed above, Plaintiff in interpleader meets each of the requirements for entitlement to attorney's fees.

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."  Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000).  Attorney's fees are properly limited to the amount of work reasonably incurred in relation to bringing the interpleader action and

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    pursuing release from liability, such as "preparing the complaint, obtaining service of process on

2    the claimants to the fund, and preparing an order discharging the plaintiff from liability and

3    dismissing it from the action." <u>Tise</u>, 234 F.3d at 426–27.  Consequently, such fees are "typically

4    modest." <u>Id.</u> at 427.

5          This Court considers the requested fee amount in "both absolute terms and in proportion to

6    the fund." <u>State Farm Life Ins. Co. v. Cai</u>, No. 09-cv-00396-LHK, 2013 WL 4782383, at *3 (N.D.

7    Cal. Sept. 6, 2013).  With regard to proportion, four to five percent of the fund is generally "in line

8    with Ninth Circuit authority, and . . . adequately compensates" disinterested interpleader plaintiffs

9    for their "bona fide expenditures." <u>Id.</u>  The Ninth Circuit has remanded for reduction a fee request

10   for 10.4% of a $48,000 fund.  <u>Schirmer</u>, 306 F.2d at 194–95.  Eight percent of a "relatively large

11   fund" may also be excessive.  <u>State Farm</u>,  2013 WL 4782383, at *3 (awarding fee amount of

12   $15,000, representing 4.9% of $304,000 fund).  In absolute terms, as an example, "$8,000 is a fair

13   award for attorneys' fees and costs in connection with maintaining a complaint in interpleader and

14   filing a motion for discharge." <u>Sun Life</u>, 2003 WL 22227881, at *3.

15          Oregon Mutual requests $6,464.00 in fees and $827.77 in costs for 33.7 hours of work in

16   filing and prosecuting this action.  The hourly rates Plaintiff requests are $200 per hour and $190

17   per hour for the partner and associate involved, respectively.  Declaration of John E. Feeley

18   ("Feeley Decl."), ECF No. 64-2 ¶ 4; Declaration of Lois S. Kim ("Kim Decl."), ECF No. 64-3 ¶ 4.

19   The work performed by counsel includes: (1) investigating the action and drafting the complaint;

20   (2) preparing applications for entry of default judgment against the California Franchise Tax

21   Board and Ben Pattillo; (3) preparing a joint case management statement; (4) meeting and

22   conferring with the parties; (5) drafting the motion to deposit the interpleader funds; (6) attending

23   the initial case management conference; and (7) preparing this motion for discharge. Feeley Decl.

24   ¶ 8; Kim Decl. ¶ 8.  The costs associated with the case include filing fees and service of process.

25   Feeley Decl., ¶ 11.

26          The Court finds that the hourly rates requested and time spent on work relating to this

27   interpleader action are reasonable.  The total attorney's fee request amounts to 5.6% of the

28   interpleader fund, and, in absolute terms, falls within the range of fees courts have found

reasonable in filing an interpleader action and pursuing discharge.  The Court also finds that the costs incurred are reasonable.  Accordingly, Plaintiff's request for $7,291.77 in attorneys' fees and costs from the insurance proceeds is GRANTED.

**III.    CONCLUSION**

For the reasons stated above, Oregon Mutual's motion for discharge and its request for attorneys' fees and costs are GRANTED.  Oregon Mutual is accordingly discharged from further liability and hereby dismissed with prejudice from this action, and from any further liability to Defendants on any claim related to the insurance proceeds previously deposited with the Court. Oregon Mutual shall have no obligation to pay any fees or costs to Defendants.  Defendants are permanently enjoined from prosecuting any proceeding against Oregon Mutual relating to the policy or benefits of the policy.  The Clerk of Court is hereby ordered to disburse to Oregon Mutual the amount of $7,291.77 from the insurance proceeds deposited with the Court.

**IT IS SO ORDERED.**

Dated:  November 17, 2013

_____
JON S. TIGAR
United States District Judge