UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOMEWARD RESIDENTIAL, INC., et al.,<br><br>Defendants. | Case No. 13-cv-02359-JST<br><br>**ORDER GRANTING MOTION FOR DISCHARGE AND RECOVERY OF ATTORNEYS' FEES**<br><br>Re: ECF No. 64 |

In this interpleader action, Plaintiff in interpleader Oregon Mutual Insurance Company moves the Court for discharge of liability and recovery of attorneys' fees. The Court finds that the matter is suitable for disposition without a hearing. Civil. L.R. 7-1(b).

For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Oregon Mutual filed this interpleader action pursuant to 28 U.S.C. § 1335 on May 24, 2013, alleging that it issued a homeowner's policy to Thomas Pattillo for the period covering November 11, 2010 through October 9, 2011. The policy insured a single family residence in Contra Costa County, California. Compl., ECF No. 1 ¶ 14. The property incurred a fire loss on August 9, 2011, and Thomas Pattillo passed away as a result of that fire. Id. ¶ 15.

Oregon Mutual alleges that Thomas Patillo died without a will. Id. Named as interpleader Defendants are: Ben and Raymond Patillo, and Roni Ariasi, as children of Thomas Pattillo; Patricia Olson as mother of Thomas' child, Shannon Pattillo; Homeward Residential, Inc. as mortgagee of the property; and the California Franchise Tax Board. Id. ¶¶ 7, 12, 16. Shannon Pattillo had submitted a claim on the policy after the loss and subsequently passed away. Id. ¶ 17. Oregon Mutual believes Patricia Olson is Shannon Pattillo's lone heir. Id. ¶ 18.

1    Oregon Mutual investigated the loss and determined the actual cash value of the loss was
2    $116,000.  Oregon Mutual acknowledges that it owes $115,500 for the loss, after subtracting the
3    policy's $500 deductible.  Id. ¶ 19.
4    On September 13, 2013, this Court granted Oregon Mutual's motion for leave to deposit
5    the proceeds pursuant to Federal Rule of Civil Procedure 67.  ECF No. 55.  Oregon Mutual
6    deposited the proceeds with the Clerk of Court on October 1.  ECF No. 63.
7    Oregon Mutual now moves for discharge from all future liability, and for recovery of
8    $7,291.77 in attorneys' fees and costs related to this interpleader action.  Mot., ECF No. 64.
9    Homeward Residential filed a statement of non-opposition to the motion.  ECF No. 72.  Oregon
10   Mutual voluntarily dismissed Roni Ariasi on August 1, 2013, ECF No. 34, and filed a stipulated
11   dismissal with prejudice of Patricia Olson on August 29, 2013, ECF No. 43.  The Court entered
12   default judgment against Defendants Ben Pattillo and the California Franchise Tax Board on
13   November 11, 2013.  ECF No. 80.  The remaining Defendant, Raymond Pattillo, has not filed an
14   opposition.

## II.   ANALYSIS

### A.   Motion for Discharge

District courts are authorized to "discharge the plaintiff from further liability" and restrain claimants from "instituting or prosecuting any proceeding . . . affecting the property, instrument or obligation involved in the interpleader action . . . ."  28 U.S.C. § 2361.  "Before discharging a stakeholder under § 2361, the court must first determine whether the requirements of 28 U.S.C. § 1335 are met: there must be a fund greater than $500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a disinterested stakeholder."  Valley Forge Life Ins. Co. v. Hines, No. 06-cv-6415-PJH, 2007 WL 2012740, at *2 (N.D. Cal. July 6, 2007) (citing Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992)).  Discharge may properly be delayed or denied if the interpleader plaintiff acted in bad faith.  Id.

This Court has already found that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1335.  Order, ECF No. 80 (adopting Report & Recommendation of

1  Magistrate Judge, ECF No. 73, at 3–4).  Accordingly, the Court is authorized to discharge Oregon
2  Mutual from this interpleader action and from further liability.  Additionally, Oregon Mutual is a
3  disinterested party with no claim to the insurance proceeds.  See, e.g., Anchor Brewing Co. v.
4  Peix, No. 06-cv-7914-MMC, 2007 WL 657699, at *1 (N.D. Cal. Feb. 28, 2007) (holding
5  interpleader plaintiff that "does not claim an interest in the subject funds . . . is entitled to an order
6  discharging it from any further liability to defendants on any claim pertaining to the interpleaded
7  funds and restraining defendants from prosecuting any other action that pertains to the
8  interpleaded funds").  Oregon Mutual filed this interpleader action for the purpose of resolving
9  potentially conflicting claims to the decedent's homeowner insurance proceeds, which may expose
10 Oregon Mutual to liability.  Furthermore, Oregon Mutual has deposited the proceeds with the
11 Clerk of Court.  Accordingly, this Court concludes that discharge is proper and Oregon Mutual's
12 motion is GRANTED.

### B. Attorneys' Fees and Costs

14  The burden of establishing entitlement to attorney's fees in any action lies solely with the
15 claimant.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Courts may award fees and costs to a
16 plaintiff in interpleader if: (1) a disinterested stakeholder; (2) who has conceded liability; (3) has
17 deposited the disputed funds into court; and (4) has sought a discharge from liability.  Sun Life
18 Assur. Co. of Canada v. Chan's Estate, No. 03-cv-2205-SC, 2003 WL 22227881, at *3 (N.D. Cal.
19 Sept. 22, 2003) (citing Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir.
20 1989).  The availability of attorney's fees for interpleader plaintiffs recognizes "that the plaintiff
21 has benefited the claimants by promoting early litigation on ownership of the fund, thus
22 preventing dissipation . . . ."  Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d
23 188, 193 (9th Cir. 1962).  As discussed above, Plaintiff in interpleader meets each of the
24 requirements for entitlement to attorney's fees.

25  "The amount of fees to be awarded in an interpleader action is committed to the sound
26 discretion of the district court."  Trustees of Directors Guild of America–Producer Pension
27 Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000).  Attorney's fees are properly limited to
28 the amount of work reasonably incurred in relation to bringing the interpleader action and

pursuing release from liability, such as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." Tise, 234 F.3d at 426–27. Consequently, such fees are "typically modest." Id. at 427.

This Court considers the requested fee amount in "both absolute terms and in proportion to the fund." State Farm Life Ins. Co. v. Cai, No. 09-cv-00396-LHK, 2013 WL 4782383, at *3 (N.D. Cal. Sept. 6, 2013). With regard to proportion, four to five percent of the fund is generally "in line with Ninth Circuit authority, and . . . adequately compensates" disinterested interpleader plaintiffs for their "bona fide expenditures." Id. The Ninth Circuit has remanded for reduction a fee request for 10.4% of a $48,000 fund. Schirmer, 306 F.2d at 194–95. Eight percent of a "relatively large fund" may also be excessive. State Farm, 2013 WL 4782383, at *3 (awarding fee amount of $15,000, representing 4.9% of $304,000 fund). In absolute terms, as an example, "$8,000 is a fair award for attorneys' fees and costs in connection with maintaining a complaint in interpleader and filing a motion for discharge." Sun Life, 2003 WL 22227881, at *3.

Oregon Mutual requests $6,464.00 in fees and $827.77 in costs for 33.7 hours of work in filing and prosecuting this action. The hourly rates Plaintiff requests are $200 per hour and $190 per hour for the partner and associate involved, respectively. Declaration of John E. Feeley ("Feeley Decl."), ECF No. 64-2 ¶ 4; Declaration of Lois S. Kim ("Kim Decl."), ECF No. 64-3 ¶ 4. The work performed by counsel includes: (1) investigating the action and drafting the complaint; (2) preparing applications for entry of default judgment against the California Franchise Tax Board and Ben Pattillo; (3) preparing a joint case management statement; (4) meeting and conferring with the parties; (5) drafting the motion to deposit the interpleader funds; (6) attending the initial case management conference; and (7) preparing this motion for discharge. Feeley Decl. ¶ 8; Kim Decl. ¶ 8. The costs associated with the case include filing fees and service of process. Feeley Decl., ¶ 11.

The Court finds that the hourly rates requested and time spent on work relating to this interpleader action are reasonable. The total attorney's fee request amounts to 5.6% of the interpleader fund, and, in absolute terms, falls within the range of fees courts have found

reasonable in filing an interpleader action and pursuing discharge. The Court also finds that the costs incurred are reasonable. Accordingly, Plaintiff's request for $7,291.77 in attorneys' fees and costs from the insurance proceeds is GRANTED.

### III. CONCLUSION

For the reasons stated above, Oregon Mutual's motion for discharge and its request for attorneys' fees and costs are GRANTED. Oregon Mutual is accordingly discharged from further liability and hereby dismissed with prejudice from this action, and from any further liability to Defendants on any claim related to the insurance proceeds previously deposited with the Court. Oregon Mutual shall have no obligation to pay any fees or costs to Defendants. Defendants are permanently enjoined from prosecuting any proceeding against Oregon Mutual relating to the policy or benefits of the policy. The Clerk of Court is hereby ordered to disburse to Oregon Mutual the amount of $7,291.77 from the insurance proceeds deposited with the Court.

**IT IS SO ORDERED.**

Dated: November 17, 2013

_____
JON S. TIGAR
United States District Judge